✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2* 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD HILL, | Case No. 3:18-cv-00417-HDM-WGC |
| Plaintiff, | |
| vs. | **ORDER SCHEDULING** |
| ENCOMPASS HOME & AUTO INSURANCE COMPANY, | **SETTLEMENT CONFERENCE** |
| Defendant. | |

Pursuant to District Judge Miranda M. Du's order (ECF No. 37) referring this matter to Magistrate Judge William G. Cobb to conduct a settlement conference, a settlement conference is hereby scheduled to commence on **Monday, March 25, 2019, at 9:00 a.m.**, before the undersigned Magistrate Judge, Courtroom Number Two, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South Virginia Street, Reno, Nevada.

**I. ATTENDANCE OF TRIAL COUNSEL AND CLIENT/CLIENT REPRESENTATIVES**

All counsel of record who will be participating in the trial of this case, all parties appearing *pro se*, if any, and all individual parties must be present.

Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client.

For a Defendant, such representative must have final settlement authority to commit the organization to pay, **in the representative's own discretion**, a settlement amount up to the Plaintiff's

prayer, or up to the Plaintiff's last demand, whichever is lower. For a Plaintiff, such representative must have final authority, **in the representative's own discretion**, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the Defendant's last offer. If board approval is required to authorize settlement, the attendance of at least one sitting member of the board (preferably the chairperson) is **absolutely required**.

Any insurance company that is a party or may be contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present. Such representative must have final settlement authority to commit the company to pay, **in the representative's own discretion**, an amount within the policy limits, or up to the Plaintiff's last demand, whichever is lower. If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, <u>in counsel's sole discretion</u>, and without having to make further contact with the insurance company, the client, client representative, or insurance company representative, as applicable, need not attend.

**The purpose of the requirement of personal attendance is to have a representative present who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without the negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present.** In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with this paragraph, he/she shall immediately discuss the circumstance with opposing counsel to resolve it well before the settlement conference, and, if such discussion does not resolve it, request a telephone conference with the court and counsel.

Counsel appearing for the settlement conference without their client representatives or insurance company representatives, unless authorized as described above, may cause the settlement conference to be canceled or rescheduled. If this occurs, the non-complying party, attorney or insurer may be assessed the costs and expenses, including attorneys fees, incurred by other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate by the court. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

## II. PURPOSE OF SETTLEMENT CONFERENCE

Obviously, the conference is intended to facilitate settlement of this case. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to any other party, or to the trial judge. The undersigned, of course, will not serve as the trial judge in this case.

At the settlement conference the parties, by counsel, may be requested to present a brief (5-10 minute) *non-confrontational* presentation outlining the factual and legal highlights of their case. [If the parties believe the initial joint session will be counter productive, please state so in your respective settlement briefs along with your rationale for same.] Thereafter, separate, confidential caucuses will be held with each party and/or the party's representative(s).

## III. PRE CONFERENCE NEGOTIATIONS

Settlement conferences are often unproductive unless the parties have exchanged settlement proposals before the conference and the parties and their counsel have made a serious effort to settle the case on their own. **Therefore, before arriving at the settlement conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counter proposals shall be made.** Plaintiff(s) shall make an offer to defendant(s) ten (10) days prior to the settlement conference. Defendant(s) shall make a counter offer to plaintiff(s) five (5) days prior to the settlement conference. The parties shall provide copies of the parties' offer and counteroffer to the court via email to heidi_jordan@nvd.uscourts.gov. If the parties wish to be excused from this procedure, they must obtain leave of court prior to the compliance deadline. **If the parties fail to present specific proposals and counter proposals prior to the settlement conference, sanctions may be imposed by the court if appropriate.** If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

///

///

///

3

## IV. SETTLEMENT CONFERENCE STATEMENT

In preparation for the settlement conference, the attorneys for each party shall submit a confidential settlement conference statement for the court's *in camera* review. The settlement conference statement shall contain the following:

1. A brief statement of the nature of the action.
2. A concise summary of the evidence that supports your theory of the case, including information which documents your damages claims. You may attach to your statement those documents or exhibits which are especially relevant to key factual or legal issues, including selected pages from deposition transcripts or responses to other discovery requests. **Exhibits are to be tabbed and an exhibit index shall be included.**
3. An analysis of the key issues involved in the litigation.
4. A discussion of the strongest points in your case, both legal and factual, **and a frank discussion of the weakest points as well**. The court expects you to present a candid evaluation of the merits of your case.
5. A further discussion of the strongest and weakest points in your opponents' case, but only if they are more than simply the converse of the weakest and strongest points in your case.
6. Whether there is any ancillary litigation pending, or planned, which affects this case. Additionally, if there are any liens, the parties should advise the court of the nature of any such liens and explain whether the attendance of any representative of a lien holder would be essential or perhaps beneficial to a successful resolution of this case. If a party believes the attendance of a lienholder's representative is necessary, the party shall separately contact and advise the undersigned's Judicial Assistant, Heidi Jordan, at (775) 686-5858.
7. An estimate of the cost (including attorney's fees and costs) of taking this case through trial.
8. A history of settlement discussions, if any, which details the demands and offers which have been made, and the reasons they have been rejected.
9. The settlement proposal that you believe would be fair.

///

10. The settlement proposal that you would honestly be willing to make in order to conclude this matter and stop the expense of litigation.

The settlement conference statements shall be received in my chambers, 400 S. Virginia Street, Suite 405, not later than **MONDAY, MARCH 18, 2019, by 4:00 P.M.** DO NOT DELIVER OR MAIL THEM TO THE CLERK'S OFFICE; DO NOT SERVE A COPY ON OPPOSING COUNSEL.

The settlement conference statement should be delivered to my chambers in an envelope clearly marked "Confidential Contains Settlement Brief."

The purpose of the settlement conference statement is to assist the court in preparing for and conducting the settlement conference. In order to facilitate a meaningful conference, your **utmost candor** in responding to all of the above listed questions is required. The settlement conference statements will not be seen by the trial judge. The confidentiality of each statement will be strictly maintained in my chambers. Following the conference, the settlement conference statements will be destroyed.

## IV. BINDING SETTLEMENT

If a settlement is achieved, the essential terms of the settlement will be placed on the record in either a sealed or unsealed format. The court will retain jurisdiction of the case to implement the settlement agreement and to resolve any dispute, discrepancy or content of the terms of settlement.

DATED: February 26, 2019.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE